# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-40152
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ANGEL ROMAN-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-630-1

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Angel Roman-Gonzalez (Roman) pleaded guilty to illegally reentering the United States following deportation. He was sentenced within the guidelines range to a 68-month term of imprisonment. Roman asserts that the district court failed to explain adequately its sentence and to consider that his criminal history was the result of his drug addiction. Because he failed to object on this basis in the district court, we review the issue for plain error. See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir.), petition for cert. filed (July 25, 2008) (No. 08-5514). Under the circumstances of this case, the district court's explanation for imposing a sentence within the guidelines range is adequate to satisfy us "that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

Roman also contends that his sentence was excessive. Citing Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), he contends that the 16-level enhancement in U.S.S.G. § 2L1.2 is entitled to little deference because, like the crack cocaine guidelines at issue in Kimbrough, it is not empirically grounded and is therefore flawed, leading to systematic over-punishment, even in the "mine-run case." Accordingly, he suggests that the presumption of reasonableness that usually attaches to within-guidelines sentences should not apply.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Our reading of Kimbrough does not reveal a suggestion that the presumption of reasonableness should not apply to guidelines sentences imposed under § 2L1.2. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine

2

offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by our decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir. 2008), cert denied, 77 U.S.L.W. 3207 (U.S. Oct. 6, 2008), which involved a similar challenge to § 2L1.2.

The appellate presumption is therefore applicable in this case. After reviewing for procedural errors and considering the substantive reasonableness of the sentence, we hold Roman fails to rebut that presumption of reasonableness. Accordingly, the judgment of the district court is AFFIRMED.